**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS-LUBBOCK DIVISION**

MELISA TINER,

                      Plaintiff,

vs.


ALLIANCE RECOVERY L.L.C.

           Defendant                       No. _____

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER,  AND RETALIATION AND OFFENSIVE PHYSICAL CONTACT**

COMES NOW, Plaintiff, by and through her undersigned attorney and for her Complaint for Employment Discrimination on the Basis of Gender, and Retaliation states:

**JURISDICTION AND VENUE**

1.     This action is brought by Plaintiff to remedy discrimination and retaliation on the basis of gender in the terms, conditions, and privileges of employment in violation of the Civil Rights Act of 1964 as Amended, 42U.S.C. Section 2000  et seq. This referenced statute prohibit employers from subjecting employees to hostile workplace harassment based on their sex. Plaintiff seeks damages and other appropriate legal and equitable relief available.

2.     Plaintiff is a current resident of Lubbock, Texas.

3.     Alliance Recovery LLC, is a Texas Limited Liability Company with its principal place of business at 12407 County Road 2300, Lubbock, Texas, 79423. Defendant is an employer within the meaning of Title VII.

1

4.      Venue is proper in the United States District Court for The Northern District of Texas-Lubbock Division, because all the unlawful acts and practices complained of herein occurred within the Northern District of Texas-Lubbock Division.

5.      Plaintiff has exhausted her administrative remedies and received her Notice of Right to Sue on June 13th, 2025.

**<u>FACTUAL ALLEGATIONS</u>**

6.      Plaintiff began employment  on or about July 6th, 2023, and most recently held the position of sales representative.

7.      At all times material to this law-suit, Plaintiff (a female gendered individual) was employed by Alliance Recovery LLC, 12407 County Road 2300, Lubbock, Texas, 79423.

8.      Plaintiff was subjected to unwelcome harassment based on her gender (female).

9.      The harassment complained of affected a term, condition, or privilege of employment.

10.      The employer knew or should have known of the harassment in question and failed to take prompt remedial action.

11.      The sexual harassment was severe and/or pervasive.

12.      The sexual harassment was so severe and/or pervasive that it altered the conditions of Plaintiff's employment and created an abusive work environment.

13.    The work- place was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe and/or pervasive and created a hostile and/or abusive environment that a reasonable person would find hostile and/or abusive.

14.    Plaintiff perceived the work environment as hostile and/or abusive.

15.    The hostile work environment unreasonably interfered with Plaintiff's work performance including but not limited to:

i. February 9th, 2024, Jason Boyd, the General Manager tried to kiss Plaintiff on the mouth.

ii. Boyd then sent Plaintiff a text message saying he was sorry he tried to kiss her.

iii. Plaintiff told Boyd that their relationship would be strictly professional/work related.

iv. Boyd was undeterred by Plaintiff's unequivocal rebuff of his advances because he continued to send Plaintiff messages through Linkedin. Boyd made comments such as: "show me your beautiful face...". Plaintiff had to block him from continuing to send messages on Linkedin.

v. In March, 2024, the work environment became increasingly hostile and retaliatory because Plaintiff emailed Curtis Estill, the corporate owner and told him that Boyd had sexually harassed her and he was being hostile towards her making it hard to do her job. After Plaintiff told Estill the problem did not get better but worse.

vi. Boyd in retaliation continued to work against her by giving another employee "Lalo", a male sales representative, accounts and leads that Plaintiff generated.

vii. On or about September 4th, 2024, Estill contacted her after she had been ill with COVID for a few weeks in August. Estill falsely accused Plaintiff of not working despite the fact that

3

she had continuously worked through her illness. While she did not work in the field, she was contacting account holders and prospective accounts by telephone.

viii. Plaintiff was not allowed to work in "Lalo's" territory(Dallas, Texas), but he was allowed to work in Plaintiff's sales territory (Midland-Odessa), by permission of Boyd in retaliation for Plaintiff rebuffing his crude, unwelcome, maladroit sexual harassment. Between September 23-27th, 2024, "Lalo" started entering accounts in the Midland-Odessa, Texas area.

ix. Plaintiff in further retaliation was not paid her expense check on time.

x. Plaintiff was forced to tell Boyd directly about customers who called her while before she did not have such a work requirement.

xi. On or about October 25th, 2025, Estill contacted Plaintiff telling her he had her check. Estill told Plaintiff that her position was being "eliminated" and that was the last day of her employment despite Plaintiff being the top sales-person out of four sales employees.

16.    Plaintiff was the only female on a sales team.

17.    Plaintiff consistently was a top salesperson for Defendant and was at all times qualified for her job.

18.    Defendant "eliminated" and terminated Plaintiff in retaliation for complaining about sexual harassment in the workplace.

**COUNT I- SEXUAL HARASSMENT IN VIOLATION OF TITLE VII (hostile work environment)**

19.    The allegations contained above and below are incorporated herein by reference as if set forth in full.

4

20.    Plaintiff was at all times statutorily protected under Title VII.

21.    Plaintiff was subjected to harassment in the form of unwelcome verbal and physical conduct based on sex.

22.    There was a pattern of denigrating conduct that unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, or offensive working environment that a reasonable person would find hostile and/or abusive.

23.    The workplace was permeated with discriminatory intimidation, ridicule and/or insult that was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment with Defendant. *Harris v. Forklift Systems, Inc.,* 510U.S.17(1993).

24.    The harassment affected a term and/or condition of employment and/or had the purpose of effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment.

25.    Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate, or remedial action. Despite Plaintiff's complaint, the harassment continued unabated and increased over time.

26.    By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

27.    Defendant is directly liable for the discriminatory acts or omissions of its agents, employees and officers while acting within the course and scope of their employment.

28.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, and is entitled to all available legal and equitable remedies.

### COUNT II-SEXUAL HARASSMENT IN VIOLATION OF TITLE VII (quid pro quo)

29.    The allegations contained above and below are incorporated herein by reference as if set forth in full.

30.    Jason Boyd had the authority to control the terms, conditions, and/or privileges of Plaintiff's employment.

31.    Jason Boyd engaged in behavior that forced Plaintiff to choose between yielding to the sexual demands or suffering tangible job detriments.

32.    Jason Boyd, subjected Plaintiff to unwelcome conduct that affected a tangible aspect of her employment.

33.    Plaintiff has suffered damages as a result.

### COUNT III-DISCRIMINATION ON THE BASIS OF RETALAITION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED (42 U.S.C.,§2000, *et seq.*)

34.    The allegations contained above  and below are incorporated herein by reference as if set forth in full.

6

35.    Plaintiff engaged in protected activity by complaining about and opposing sexual harassment to her employer.

36.    Because of her protected activity, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint including but not limited to her termination from employment.

37.    Plaintiff's protected activity was a factor in Defendant's unlawful conduct toward Plaintiff.

38.    The Defendant's actions would chill a person of ordinary firmness from continuing such activity.

39.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

40.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of her protected activities.

41.    Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

42.    Defendant retaliated against Plaintiff because of her protected activity.

43.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages-including, but not limited to, past and future loss of income, benefits, promotion

and promotional opportunities, career opportunities, and costs,-and is entitled to all available legal and equitable remedies.

44.    Plaintiff has incurred lost wages, and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

### COUNT IV-ASSAULT BY OFFENSIVE PHYSICAL CONTACT

45.    The allegations contained above are incorporated herein by reference as if set forth in full.

46.    The Defendant through its employee, acted intentionally and/or knowingly.

47.    The Defendant through its employee, made contact with the Plaintiff's person.

48.    The Defendant through its employee, knew or reasonably should have believed that the Plaintiff would regard the contact as offensive and/or provocative.

49.    The Defendant through its employee's contact caused injury to the Plaintiff.

50.    The Defendant ratified and approved the actions of  Jason Boyd.

### JURY DEMAND

51.    When Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be made available if the action involves rights and remedies of the sort typically enforced in an action at law. *See Curtis v. Loether,* 415U.S. 189, 194-95(1974). Plaintiff demands all factual matters in dispute between the parties be determined by a jury pursuant to The 7th and 14th Amendments to the United States Constitution and Fed. R. Civ. Proc. 38.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.      Award Plaintiff all compensatory damages available for discriminatory and/or retaliatory treatment including but not limited to, wages, pension, and other benefits; pain and suffering.

B.      Award Plaintiff her reasonable attorney's fees and costs as allowed by law.

C.      Award Plaintiff any punitive damages available under the law.

D.      Pre-judgment and post-judgment interest.

E.      Grant additional relief as the Court deems appropriate including injunctive relief.

Respectfully Submitted:

/s/ Eric D. Dixon

_____

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
e-mail: eric@ericdixonlaw.net
Texas Bar No. 05906020
Attorney for Plaintiff